UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ZHIJUN XIA,

                                              Civil No. 24-2000 (JRT/DLM)

           Petitioner,

v.

                                    **MEMORANDUM OPINION AND ORDER**
MARK KING, *Warden Sandstone FCI*,        **REJECTING REPORT AND**
                                      **RECOMMENDATION OF THE**
           Respondent.                           **MAGISTRATE JUDGE**

Zhijun Xia, Reg. No. 31700-047, Federal Correctional Institution Sandstone, P.O. Box 1000, Sandstone, MN 55072, *pro se* Plaintiff.

Petitioner Zhijun Xia is currently incarcerated at the Federal Correctional Institute in Sandstone, Minnesota, serving concurrent federal and state sentences for crimes committed in Nebraska.  He filed this petition for a writ of habeas corpus, challenging the sentence imposed on him by the State of Nebraska.  Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") recommending the Court transfer Xia's Petition to the District of Nebraska.  However, because the Court finds that the District of Nebraska lacks jurisdiction over Xia's Petition, the Court will sustain Xia's objections, reject the R&R, and instruct Xia to proceed with his Petition in the District of Minnesota.

## BACKGROUND

### I. FACTS

Petitioner Zhijun Xia was indicted by a federal grand jury and pleaded guilty to one count of coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). (D. Neb. Crim. No. 4:20-3062, Plea Agreement, Apr. 23, 2021, Docket No. 72.) The District of Nebraska sentenced him to 210 months in federal prison. (D. Neb. Crim. No. 4:20-3062, J. at 2, July 26, 2024, Docket No. 107.) Shortly after pleading guilty to his federal crime, Xia pleaded guilty to first-degree sexual assault in Nebraska state court and was sentenced to 25 to 35 years to run concurrently with his federal sentence. (Pet. Writ Habeas Corpus at 1, May 28, 2024, Docket No. 1.)[1] Xia is currently serving both his federal and state sentences at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"). (*See id.*)

### II. PROCEDURAL HISTORY

Xia filed a petition for writ of habeas corpus to challenge the legality of only his Nebraska state-court conviction. (*See id.* at 4, 7–27.) He also filed an application to proceed in forma pauperis ("IFP") and to stay his Petition for at least 180 days. (Appl. to Proceed in District Court without Prepaying Fees or Costs, Mot. Stay, May 28, 2024, Docket Nos. 2–3.) The Magistrate Judge issued a report and recommendation ("R&R") recommending the Court transfer the Petition and pending motions to the District of

---

[1] Citations are to ECF pagination.

Nebraska.  (Resp. Order Show Cause, July 29, 2024, Docket No. 12; R. & R. at 10, Sept. 20, 2024, Docket No. 13.)  Xia objected to the R&R and asked that the Court order the matter litigated in the District of Minnesota.  (Obj., Oct. 15, 2024, Docket No. 16.)

## DISCUSSION

### I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  Sometimes courts review general and conclusory objections for clear error. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).  The Eighth Circuit instructs that clear error is appropriate when general and conclusory objections "make it difficult for the district court to focus upon the alleged errors if insufficiently directed by the parties."  *Id.* Because Xia makes specific objections, the Court will conduct de novo review.

### II.  ANALYSIS

The Magistrate Judge recommended transferring this Petition to the District of Nebraska under 28 U.S.C. § 1404(a).  However, transfer is only permitted when the receiving court has jurisdiction over the action.  Because Xia is imprisoned in Minnesota

and the proper respondent is the warden where he is imprisoned, the District of Nebraska would not have jurisdiction over that respondent.

Two rules governing habeas petitions combine to show that only the District of Minnesota has jurisdiction to hear this Petition.  First, a petitioner must name "the person who has custody over him" in an application for writ of habeas corpus.  28 U.S.C. § 2242.  The immediate-custodian rule clarifies this statutory mandate to hold that only the person who has immediate physical custody over a prisoner is the proper respondent to a habeas petition.  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").

Second, district courts are limited to granting habeas relief "within their respective jurisdictions."  28 U.S.C. § 2241(a).  The territorial-jurisdiction rule clarifies this statutory mandate to mean that habeas writs are "issuable only in the district of confinement," that is, where the prisoner is physically confined.  *Carbo v. United States*, 364 U.S. 611, 618 (1961).  Together, these two rules combine to create a general rule: "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  *Padilla*, 542 U.S. at 428.

The Supreme Court has recognized only a few narrow exceptions to this rule: (1) "nonphysical custody," (2) "dual custody," (3) "removal of the prisoner from the

territory of a district after a petition has been filed," (4) where there is "an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed," or (5) "where the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Id.* at 454 (Kennedy, J., concurring) (collecting cases).

The exception that comes closest to Xia's petition is the dual-custody exception from *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973), but ultimately, the Court finds it does not apply.

In *Braden*, a petitioner was serving a sentence in an Alabama prison but applied for a writ of habeas corpus in the Western District of Kentucky for want of a speedy trial on a three-year-old Kentucky indictment. *Id.* at 485. The Supreme Court ultimately held that, despite his physical confinement in Alabama, the Commonwealth of Kentucky was the proper respondent and the Western District of Kentucky the proper forum because Congress could not have intended "to require the Commonwealth of Kentucky to defend its action in a distant State and to preclude the resolution of the dispute by a federal judge familiar with the laws and practices of Kentucky." *Id.* at 499.

The facts here, however, more closely align with those in *Padilla* than in *Braden* because Xia is challenging current confinement, not future confinement.[2] In *Braden*, the

---

[2] Xia is concurrently serving a 17.5-year federal sentence and a 25- to 35-year state sentence, setting up a potential future in which Xia will only be held in custody for his state crime. But Xia does not limit his petition to the narrow tail end of his sentence in which he would

-5-

petitioner was not yet physically confined by Kentucky; he was merely challenging the indictment and his lack of a speedy trial. But the *Padilla* court characterized *Braden* as holding only that "a habeas petitioner who challenges a form of 'custody' **other than present physical confinement** may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Padilla*, 542 U.S. at 438 (emphasis added). In other words, if a prisoner is **currently** serving a sentence for a crime committed in another state, they must still follow "the traditional rule that a prisoner seeking release from confinement must sue his 'jailer'" in the district of confinement. *Id.* at 443. Because Xia is currently serving his state sentence in a Federal Correctional Institute in Minnesota, the proper, and only, court that has jurisdiction to hear his Petition is the District of Minnesota.

Despite this clear language from *Padilla*, lower courts have split on resolving the tension between *Braden* and *Padilla*. Many have ignored the present physical confinement limitations that *Padilla* placed on the dual-custody exception and "have continued to hold that a case is properly transferred to the jurisdiction of conviction when the petitioner is housed in another state only for the convenience of and pursuant to a contractual relationship with the state wherein the conviction was rendered." *Holder v.*

---

be serving only a state sentence. He challenges his current confinement. Because he is physically confined for both federal and state crimes in the District of Minnesota, he must bring his habeas petition here.

*Curley*, 749 F. Supp. 2d 644, 646–47 (E.D. Mich. 2010) (collecting cases).[3] But others, including the Tenth and D.C. Circuits, have followed the language of *Padilla* and found that a prisoner serving a sentence imposed by another state must nevertheless sue their current jailer in the forum of their confinement, not in their forum of conviction. *See, e.g.*, *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004) ("[T]he only proper respondent to [the petitioner]'s habeas petition was his 'immediate custodian'— that is, the warden of the Ohio facility in which he was incarcerated at the time he filed the petition."); *McBee v. Lewis*, 166 F. App'x 360, 362 (10th Cir. 2006) (finding no jurisdiction for an Oklahoma federal court when the petitioner was incarcerated in Oregon because "[j]udicial review of a § 2241 petition must be sought in the district where a prisoner is confined at the time of filing the petition rather than in the district where a prisoner is convicted and sentenced").

The Eighth Circuit has not spoken clearly on the issue, but the Supreme Court has in *Padilla*. Therefore, the Court will find that a prisoner currently serving a sentence for a crime committed in another state must proceed with a petition for habeas corpus in the forum of his confinement. This result is further supported by the fact that when Congress

---

[3] Note that those courts that did so typically dealt with cases involving the Interstate Corrections Compact between states that allows transfer of state prisoners between states. *See generally Interstate Corrections Compact*, National Center for Interstate Compacts, https://compacts.csg.org/compact/interstate-corrections-compact (last accessed Jan. 7, 2024). Those cases typically do not address a prisoner serving time in a federal prison for concurrent federal and state crimes.

wanted to explicitly confer jurisdiction to districts other than the district of confinement, it has done so. *See* 28 U.S.C. § 2255(a) (requiring federal prisoners to file motions to vacate in "the court which imposed the sentence to vacate, set aside or correct the sentence"). Congress chose not to do the same for other types of habeas petitions, including those challenging state custody, so the Court must default to the general rule from *Padilla* requiring suit in the district of confinement.

Here, Xia is challenging his present physical confinement for a sentence that was imposed on him by the State of Nebraska. Because he challenges his present physical confinement, not some future confinement, he does not meet the narrow dual-custody exception carved out by *Braden*, nor any other exception. Therefore, the District of Nebraska would not have jurisdiction to grant relief for this Petition. Xia rightfully sued his current jailer, and only the District of Minnesota may hear his Petition for writ of habeas corpus.

**CONCLUSION**

Xia filed his petition for writ of habeas corpus to challenge the fact or duration of his confinement from a sentence imposed on him by the State of Nebraska. Though the Magistrate Judge issued an R&R recommending the transfer of this petition to the District of Nebraska, that court lacks jurisdiction to hear the case. Therefore, the Court will overrule the R&R and allow Xia to proceed with his petition in the District of Minnesota. The Court defers to the Magistrate Judge on Xia's pending motions to proceed IFP and to stay his petition for at least 180 days.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner's Objections to the Magistrate Judge's Report and Recommendation [Docket No. 16] are **SUSTAINED**.

2. The Magistrate Judge's Report and Recommendation [Docket No. 13] is **REJECTED**.

DATED: January 17, 2025
at Minneapolis, Minnesota.

                                              JOHN R. TUNHEIM
                                     United States District Judge